**In the United States District Court**
**for the District of Kansas**

———————————

Case No. 21-cr-40088-TC

———————————

UNITED STATES OF AMERICA

v.

STEVEN E. SPRADLEY

———————————

~~COURT'S PROPOSED~~ **JURY INSTRUCTIONS**

June ~~1~~8, 2023

1

NOTES TO COUNSEL

The Court's Proposed Instructions are based on its consideration of Spradley's Proposed Jury Instructions, Doc. 70 ("Def."), and Supplemental Proposed Jury Instruction, Doc. 74 ("Def. Supp."); the Government's Proposed Jury Instructions, Doc. 71 ("Gov."); and the 10th Circuit Criminal Pattern Jury Instructions (2021) ("Pattern"). Where the parties' proposed instructions overlapped with a Pattern instruction, the Court favored the Pattern instruction language.

The Court's Proposed Verdict Form is included below the Instructions.

PRELIMINARY INSTRUCTION

**Members of the Jury:**

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the Government as the prosecution or the United States. The government is represented by Assistant United States Attorney Sara Walton. The defendant, Steven Spradley, is represented by his lawyer, Thomas Bartee.

The Indictment charges Mr. Spradley with two criminal counts. The first count is attempted transportation of a minor with intent to engage in criminal sexual activity. The second count is travel with the intent to engage in illicit sexual conduct. The Indictment is simply the description of the charges made by the Government against Mr. Spradley; it is not evidence of guilt or anything else. Mr. Spradley pleaded not guilty and is presumed innocent. He may not be found guilty by you unless all twelve of you unanimously find that the Government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. Each side will be allotted 20 minutes. The Government in its opening statement will tell you about the evidence which it intends to put before you. Just as the Indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the Government's opening statement, Mr. Spradley's attorney may make an opening statement or reserve his statement until later.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The Government will offer its evidence. After the Government's evidence, Mr. Spradley's lawyer may present evidence, but they are not required to do so. I remind you that Mr. Spradley is presumed innocent and it is the Government that must prove Mr. Spradley's guilt beyond a reasonable doubt. If Mr. Spradley submits evidence, the Government may introduce rebuttal evidence.

At times during the trial, a lawyer may make objections to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly at the bench. But some of these conferences may take

4

more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide which witnesses to believe, what evidence to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the trial.

After you have heard all the evidence on both sides, the Government and defense will each be given time for their final arguments. The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin your deliberations.

During the course of the trial, you should not talk with any witness, or with Mr. Spradley, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss the case among yourselves until I have instructed you on the law and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Ms. Walton, you may present the opening statement for the Government.

~~Source: Pattern §§ 1.01–1.02(B);~~ *~~see also~~* ~~Gov. at 5.~~

JURY INSTRUCTION NO. 1—

Members of the Jury:

The presentation of evidence is now complete. I gave you some preliminary instructions at the outset of this case, and I now give you these final instructions. In the interest of clarity, I will read the instructions to you, and each of you will have a copy of the instructions in the jury room.

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

~~Source: Pattern § 1.03; *see also* Gov. at 3.~~

JURY INSTRUCTION NO. 2—

You, as jurors, are the judges of the facts. But in deter-mining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or cor-rectness of any rule I may state to you. You must not sub-stitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

Source: Pattern § 1.04; *see also* Gov. at 6.

9

JURY INSTRUCTION NO. ___

Count 1 of the Indictment charges the defendant, Steven Spradley, with a violation of Title 18 United States Code Section 3423(a) and (e). This law makes it a crime to attempt to knowingly transport a minor with intent that the minor engage in prostitution. The Indictment charges that this crime occurred on or about July 1, 2021.

To find Mr. Spradley guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: Mr. Spradley knowingly attempted to transport an individual in interstate commerce;

*Second*: Mr. Spradley intended that individual to engage in prostitution; and

*Third*: Mr. Spradley believed that individual was less than 18 years old at the time.

The term "interstate commerce" means commerce between different states, territories, and possessions of the United States, including the District of Columbia.

The term "prostitution" means engaging in sexual activity for money or its equivalent.

Mr. Spradley may be found guilty of attempting to commit this crime even though he did not do all of the acts necessary in order to commit the crime. However, Mr. Spradley may not be found guilty of attempting to commit this crime merely by thinking about it, or even by making some plans or some preparation for the commission of a crime.

Instead, in order to prove an attempt, the Government must prove beyond a reasonable doubt that (1) Mr. Spradley intended to commit every element of the crime of knowingly transporting a minor with intent that the minor engage in prostitution; and that (2) Mr. Spradley took a substantial step towards commission of this crime.

A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime. The step must be a strong indication of the defendant's criminal intent, and must unequivocally mark the defendant's acts as criminal. It should demonstrate commitment to the crime of knowingly transporting a minor with intent that the minor engage in prostitution.

**Source: 18 U.S.C. § 2423(a) and (e) (elements); 18 U.S.C. § 10 (definition of interstate commerce); Black's Law Dictionary (11th ed. 2019), prostitution (definition of prostitution);** *see also* **Def. at 6–7; Gov. at 4 (Indictment), 21 (elements of the offense), 26 (definitions of interstate commerce and prostitution).**

**NOTE TO COUNSEL:** This instruction largely reflects Spradley's proposed version. The Government's proposed version of this instruction included a third element—that some or all of the acts occurred in the District of Kansas. That was not included because it does not appear to be utilized in any of the Tenth Circuit's pattern instruction. Nonetheless, if the parties jointly request it, this issue can be reconsidered at the final instructions conference.

JURY INSTRUCTION NO. 3——

~~Count 2 of t~~The Indictment charges the defendant, Steven Spradley, with a violation of 18 U.S.C. § 2423(b). This law makes it a crime to travel in interstate commerce with a motivating purpose of engaging in ~~any illicit sexual conduct with another person~~any commercial sex act with a person under 18 years of age. The Indictment charges that this crime occurred on or about July 1, 2021.

To find Mr. Spradley guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: Mr. Spradley traveled in interstate commerce;

*Second*: Mr. Spradley did so with a motivating purpose of engaging in ~~illicit sexual conduct~~any commercial sex act with a person under 18 years of age.

~~The term "illicit sexual conduct" includes any commercial sex act with a person under 18 years of age.~~

A "commercial sex act" is any sex act on account of which anything of value is given or received by any person.

The term "in interstate commerce" means commerce between different states, territories, and possessions of the United States, including the District of Columbia.

~~Source: 18 U.S.C. §§ 2423(b) (elements), (f)(2) (definition of illicit sexual conduct), 1591(e)(3) (definition of commercial sex act), 10 (definition of interstate commerce); Def. at 8; Gov. at 4 (Indictment), 22 (elements), 26 (definitions of interstate commerce and commercial sex act); *see, e.g.*, Jury Instructions at 39,~~

*United States v. Durham*, 14-cr-231 (W.D. Okla. June 19, 2015), ECF No. 329.

NOTE TO COUNSEL: The instruction above reflects Spradley's proposed version. The Government's proposed version of this instruction included a third element that some or all of the acts occurred in the District of Kansas. That was not included because it does not appear to be utilized in any of the Tenth Circuit's pattern instruction. Nonetheless, if the parties jointly request it, this issue can be reconsidered at the final instructions conference.

13

[OPTIONAL] JURY INSTRUCTION NO. ___

As a defense to the crimes charged in the Indictment, Mr. Spradley has asserted that he was entrapped.

Mr. Spradley was entrapped if

— the idea for committing the crimes originated with government agents, and

— the government agents then persuaded or talked Mr. Spradley into committing the crimes, and

— Mr. Spradley was not already willing to commit the crimes.

When a person has no previous intent or purpose to violate the law, but is induced or persuaded by officers or agents to commit a crime, he is entrapped and the law, as a matter of policy, forbids his conviction in such a case. On the other hand, when a person already has the readiness and willingness to violate the law, and the officers or agents merely provide him with an opportunity to commit the crime and do so even by disguise or ruse, there is no entrapment.

"Inducement" is government conduct that creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense. Inducement is neither established by evidence of solicitation, standing alone, nor by evidence that the government agent initiated the contact with the defendant or proposed the crime.

In order to return a verdict of guilty as to Mr. Spradley for the crimes charged, you must find beyond a reasonable doubt that Mr. Spradley was not entrapped.

**Source: Pattern § 1.27; Gov. at 27; Def. Supp. at 3.**

**NOTE FOR COUNSEL:** ~~This is the form of the Entrapment instruction that will be given if there is sufficient evidence to support it. It is based on Pattern § 1.27 and incorporates material from the Comment.~~

JURY INSTRUCTION NO. ___

Each count of the Indictment charges a separate crime or offense. Each crime or offense as charged, and the applicable evidence, should be considered separately, and a verdict of guilty or not guilty as to each count should likewise be considered separately. Of course, some evidence may pertain to more than one count.

The fact that you may find Mr. Spradley guilty or not guilty as to the crime charged in one count should not control your verdict with respect to the other counts.

Source: *Federal Jury Practice and Instructions*, § 12:12 (6th ed. 2023); Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit B10.2; *see also* Gov. at 13.

JURY INSTRUCTION NO. 4—

You are here to decide whether the Government has proved beyond a reasonable doubt that Mr. Spradley is guilty of the crime charged. Mr. Spradley is not on trial for any act, conduct, or crime not charged in the Indictment.

**Source: Pattern § 1.19;** *see also* **Gov. at 14.**

JURY INSTRUCTION NO. 5—

If you find Mr. Spradley guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

**Source: Pattern § 1.20;** *see also* **Gov. at 15.**

[OPTIONAL] JURY INSTRUCTION NO. 6—

Evidence has been presented about a statement attributed to Mr. Spradley alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of Mr. Spradley, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

**Source: Pattern § 1.25; *see also* Def. at 4; Gov. at 16.**

JURY INSTRUCTION NO. 7—

You have heard evidence of other acts engaged in by Mr. Spradley. You may consider that evidence only as it bears on Mr. Spradley's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident and for no other purpose. Of course, the fact that Mr. Spradley may have previously committed an act similar to the one charged in this case does not mean that Mr. Spradley necessarily committed the act charged in this case.

Source: Pattern § 1.30; *see also* Gov. at 17.

[OPTIONAL]. JURY INSTRUCTION NO. 8—

You have heard testimony from undercover agents who were employed by the government to investigate Mr. Spradley.

Sometimes the government uses undercover agents who may conceal their true identities in order to investigate suspected violations of the law. There is nothing improper or illegal with the government using this technique, so long as Mr. Spradley's rights are not violated, and Mr. Spradley has not claimed that his rights were violated in this case. Indeed, certain types of evidence would be extremely difficult to detect without the use of undercover agents.

Whether or not you approve of the use of an undercover agent to detect unlawful activities is not to enter into your deliberations in any way.

Source: Modern Federal Jury Instructions-Criminal ¶ 5.08; *see also* Gov. at 18.

NOTE TO COUNSEL: The Government has proposed including this instruction if the entrapment defense is disallowed.

21

JURY INSTRUCTION NO. ___

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of Mr. Spradley cannot be established merely by demonstrating that he was negligent, careless, or foolish, knowledge can be inferred if he deliberately blinded himself to the existence of a fact. Knowledge can be inferred if Mr. Spradley was aware of a high probability of the existence of the fact in question, unless he did not actually believe the fact in question.

**Source: Pattern § 1.37; _see also_ Def. at 5; Gov. at 19–20.**

**NOTE TO COUNSEL:** The Government proposed adding a jury instruction based on a similar instruction given in _United States v. Kearn._ Gov. at 19. But because the Pattern Instruction is largely the same, its language was used, and the Government's Proposed Jury Instruction 16 was not included.

22

JURY INSTRUCTION NO. 9—

You have heard evidence in this case that "Ashlee" was not an actual girl, but rather the undercover identity that Investigator Brenner used to conduct the investigation.

To convict Mr. Spradley of the crimes charged in the Indictment, you do not need to find that the victim of the offense was an actual minor person. The Government need only prove beyond a reasonable doubt that Mr. Spradley believed the victim to be an actual minor person.

Source: Gov. at 24.

NOTE TO COUNSEL: This instruction has been adapted from the Government's Proposed Jury Instruction 22, which is derived from Jury Instructions at 23, *United States v. Robinson*, No. 18-cr-144 (D. Colo. Dec. 6, 2018), ECF No. 142, *aff'd*, 993 F.3d 839 (10th Cir. 2021).

23

JURY INSTRUCTION NO. 10~~—~~

It is not a defense to ~~either of~~ the crimes charged in the Indictment that the victim consented to engaging in a commercial sex act ~~being transported for the purposes of prostitution or other illicit sexual conduct~~.

~~**Source: Gov. at 25.**~~

~~**NOTE TO COUNSEL:** This instruction has been adapted from the Government's Proposed Jury Instruction 23, which is derived from Jury Instructions at 24, *United States v. Robinson*, No. 18-cr-144 (D. Colo. Dec. 6, 2018), ECF No. 142, *aff'd*, 993 F.3d 839 (10th Cir. 2021).~~

24

JURY INSTRUCTION NO. 11—

You will note that the Indictment charges that the crimes were was committed on or about July 1, 2021. The Government must prove beyond a reasonable doubt that Mr. Spradley committed the crimes reasonably near that date.

**Source: Pattern § 1.18;** *see also* **Gov. at 12.**

JURY INSTRUCTION NO. 12—

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, and the exhibits that I allowed into evidence., [OPTIONAL: the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

[OPTIONAL: During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.]

Source: Pattern § 1.06; *see also* Gov. at 8.

## JURY INSTRUCTION NO. 13—

The Government has the burden of proving Mr. Spradley guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving Mr. Spradley guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Spradley not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Spradley's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning Mr. Spradley's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that Mr. Spradley is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Source: Pattern § 1.05;** *see also* **Gov. at 7.**

27

JURY INSTRUCTION NO. 14—

There are, generally speaking, two types of evidence from which a jury ~~properly~~ may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

~~**Source: Pattern § 1.07; *see also* Gov. at 9.**~~

JURY INSTRUCTION NO. 15—

I remind you that it is your job to decide whether the Government has proved the guilt of Mr. Spradley beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [OPTIONAL: including Mr. Spradley] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[OPTIONAL: The testimony of Mr. Spradley should be weighed and his credibility evaluated in the same way as that of any other witness.]

29

[OPTIONAL: Mr. Spradley did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Source: Pattern §§ 1.08, 1.08.1; *see also* Def. at 3 (1.08.1); Gov. at 10–11 (1.08).

JURY INSTRUCTION NO. ___

[OPTIONAL: Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.]

**Source: Pattern § 1.41; *see also* Gov. at 28.**

JURY INSTRUCTION NO. 16—

During your deliberations, that is, when all of you are together in the jury room, you are released from the admonition prohibiting discussion of the case. You may now discuss with each other the evidence and the law that has been presented in this case.

The admonition prohibiting discussion remains in effect, however, at any time when fewer than all of you are present in the jury room, or when you are away from the courthouse. The admonition about reading, listening to, or watching news reports about the case, doing any sort of independent investigation, or discussing the case with any third party, remains in effect at all times until I release you from this admonition. During your deliberations, you must not communicate with anyone else, by any means, about this case. This means you may not use any electronic device or media (like a phone, computer, or tablet), the Internet, any text or instant messaging service, or any social media apps (like Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) to research or communicate about what you have seen and heard in the courtroom.

Information that you find on the Internet or through social media might be incomplete, legally irrelevant, inaccurate, or even misleading. And the use of phones, tablets, or computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, popups, or advertisements that could influence your consideration of the matters that you have heard about in this courtroom.

In our judicial system, it is important that you are not influenced by anything or anyone outside of this court-

room. Otherwise, your decision may be based on information known only by you and not your fellow jurors and the parties in this case. This would unfairly and adversely impact the judicial process. Thus, until I accept your verdict and discharge you, you are only permitted to discuss the case with your fellow jurors during deliberations. You may discuss the case with them because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside the courtroom. Again, you can only discuss the case during deliberations in the jury room when all of your fellow jurors are present there. I expect you to inform me, at the earliest opportunity, if you learn about or share any information about this case outside of the courtroom, or if you learn that another juror has done so.

The alternate jurors will not be allowed to participate in deliberations, but they remain bound by all aspects of the admonition until they are discharged. The clerk will notify the alternate jurors of the verdict and, if appropriate, when they will need to return.

JURY INSTRUCTION NO. 17—

I have permitted you to take notes during the trial and cautioned you at the outset not to allow notetaking to interfere with your duty to listen and consider all of the evidence. I would like to again caution you.

There is a tendency to attach undue importance to matters that one has written down. And you may have declined to take notes on testimony that seemed unimportant at the time but has taken on greater importance now in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own, individual memory. They are not evidence, they are not a complete outline of the proceedings, and they are not to control over your own impressions or recollections from the trial. Each of you should rely on your own independent memory of what the evidence was, and you should not be unduly influenced by the notes of other jurors. If your memory differs from anyone's notes, including your own, you should rely on your memory and not the notes. Your collective memory, as a jury, is your greatest asset in deciding this case.

JURY INSTRUCTION NO. 18—

In a moment, you will be escorted to the jury room and each provided with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be available in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The next thing you should do is review the Court's instructions. Not only will your deliberations be more productive if you understand the legal principles on which your verdict must be based, but also for your verdict to be valid, you must follow the Court's instructions throughout your deliberations. Remember, you are the judge of the facts, but you are bound by your oath to follow the law as stated in these instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous, which means that all of you must agree on it. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved Mr. Spradley guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided ~~for each count of the Indictment, either guilty or not guilty~~on the verdict. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

~~**Source: Pattern § 1.23;** *see also* **Gov. at 29–30.**~~

~~**NOTE TO COUNSEL:** A section from the Pattern Instruction on communicating with the Judge during deliberation has been removed as it is addressed in the following proposed instruction.~~

JURY INSTRUCTION NO. 19—

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to my law clerk, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

None of you should ever attempt to communicate with me or anyone outside the jury deliberations about the case other than by a signed writing. And, again, until I receive your verdict you must not communicate with, or provide information to, anyone about this case by any means.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

~~Source: Pattern § 1.44; *see also* Gov. at 31.~~

~~**NOTE TO COUNSEL:** This section has been modified to admonish the jury about communicating outside jury deliberations.~~

JURY INSTRUCTION NO. 20—

A final suggestion from the Court—technically not an instruction on the law—might assist your deliberations: your attitude at the outset of, and during, deliberations is important. It is seldom productive for any juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion on the case or to announce a determination to stand for a certain verdict. The reason is this: we are all human, and it is difficult for us to back down from a position once definitively stated, even if we are later convinced it is unsound.

You and your fellow jurors have been selected for the purpose of doing justice. That requires deliberation—counseling together in an effort to agree. Have in mind at all times that you are a deliberative body, selected to function as judge of the facts in a controversy involving substantial rights of real parties. You will make a definite contribution to the efficient administration of justice, if and when you arrive at a just and proper verdict under the evidence that has been admitted. No one can ask more, and you will not be satisfied to do less.

You will now hear the closing arguments from counsel. Please give them your thoughtful attention.

**In the United States District Court
for the District of Kansas**

———————————

Case No. 21-cr-40088-TC

———————————

UNITED STATES OF AMERICA,

v.

STEVEN E. SPRADLEY

———————————

**~~COURT'S PROPOSED~~ VERDICT FORM**
June ~~——~~8, 2023

We the jury, impaneled and sworn in the above-entitled case, upon our oaths, do make the following answers to the questions propounded by the Court:

~~1. As to the crime charged in Count 1 of the Indictment, attempted transportation of a minor with the intent to engage in criminal sexual activity, we unanimously find the defendant, Steven Spradley:~~

~~_____ Not Guilty~~

~~_____ Guilty~~

39

1~~2~~. As to the crime charged in ~~Count 2 of~~ the Indict-ment, travel with the intent to engage in ~~illicit sexual con-duct~~any commercial sex act with a person under 18 years of age, we unanimously find the defendant, Steven Spradley:

_____ Not Guilty

_____ Guilty

2~~3~~. If you found the defendant, Steven Spradley, guilty ~~as to any counts of the Indictment~~, did you find that the Government proved guilt beyond a reasonable doubt?

_____ Yes

_____ No

_____          _____
DATE                          FOREPERSON

40

~~**NOTE TO COUNSEL:** Question 3 of the verdict form has been changed from "As to each count on which you found the defendant, Steven Spradley, guilty . . . ." to "If you found the defendant, Steven Spradley, guilty as to any counts of the Indictment . . . ." The purpose was to avoid the possibility that a juror may believe the question presumed that it should find Spradley guilty.~~

41