**In the United States District Court
for the District of Kansas**

———————————

Case No. 21-cr-40088-TC

———————————

UNITED STATES OF AMERICA

v.

STEVEN E. SPRADLEY

———————————

**JURY INSTRUCTIONS**

June 8, 2023

1

JURY INSTRUCTION NO. 1

Members of the Jury:

The presentation of evidence is now complete. I gave you some preliminary instructions at the outset of this case, and I now give you these final instructions. In the interest of clarity, I will read the instructions to you, and each of you will have a copy of the instructions in the jury room.

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believ-ability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will ex-plain the procedures you should follow in your delibera-tions, and the possible verdicts you may return. These in-structions will be given to you for use in the jury room, so you need not take notes.

## JURY INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

JURY INSTRUCTION NO. 3

The Indictment charges the defendant, Steven Spradley, with a violation of 18 U.S.C. § 2423(b). This law makes it a crime to travel in interstate commerce with a motivating purpose of engaging in any commercial sex act with a person under 18 years of age. The Indictment charges that this crime occurred on or about July 1, 2021.

To find Mr. Spradley guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: Mr. Spradley traveled in interstate commerce;

*Second*: Mr. Spradley did so with a motivating purpose of engaging in any commercial sex act with a person under 18 years of age.

A "commercial sex act" is any sex act on account of which anything of value is given or received by any person.

The term "in interstate commerce" means commerce between different states, territories, and possessions of the United States, including the District of Columbia.

4

JURY INSTRUCTION NO. 4

You are here to decide whether the Government has proved beyond a reasonable doubt that Mr. Spradley is guilty of the crime charged. Mr. Spradley is not on trial for any act, conduct, or crime not charged in the Indictment.

JURY INSTRUCTION NO. 5

If you find Mr. Spradley guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

JURY INSTRUCTION NO. 6

Evidence has been presented about a statement attributed to Mr. Spradley alleged to have been made after the commission of the crime charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of Mr. Spradley, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

JURY INSTRUCTION NO. 7

You have heard evidence of other acts engaged in by Mr. Spradley. You may consider that evidence only as it bears on Mr. Spradley's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident and for no other purpose. Of course, the fact that Mr. Spradley may have previously committed an act similar to the one charged in this case does not mean that Mr. Spradley necessarily committed the act charged in this case.

JURY INSTRUCTION NO. 8

You have heard testimony from undercover agents who were employed by the government to investigate Mr. Spradley.

Sometimes the government uses undercover agents who may conceal their true identities in order to investigate suspected violations of the law. There is nothing improper or illegal with the government using this technique. Indeed, certain types of evidence would be extremely difficult to detect without the use of undercover agents.

Whether or not you approve of the use of an undercover agent to detect unlawful activities is not to enter into your deliberations in any way.

JURY INSTRUCTION NO. 9

You have heard evidence in this case that "Ashlee" was not an actual girl, but rather the undercover identity that Investigator Brenner used to conduct the investigation.

To convict Mr. Spradley of the crime charged in the Indictment, you do not need to find that the victim of the offense was an actual minor person. The Government need only prove beyond a reasonable doubt that Mr. Spradley believed the victim to be an actual minor person.

JURY INSTRUCTION NO. 10

It is not a defense to the crime charged in the Indict-
ment that the victim consented to engaging in a commer-
cial sex act.

JURY INSTRUCTION NO. 11

You will note that the Indictment charges that the crime was committed on or about July 1, 2021. The Government must prove beyond a reasonable doubt that Mr. Spradley committed the crime reasonably near that date.

JURY INSTRUCTION NO. 12

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

13

JURY INSTRUCTION NO. 13

The Government has the burden of proving Mr. Spradley guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving Mr. Spradley guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Spradley not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Spradley's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning Mr. Spradley's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that Mr. Spradley is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

## JURY INSTRUCTION NO. 14

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

JURY INSTRUCTION NO. 15

I remind you that it is your job to decide whether the Government has proved the guilt of Mr. Spradley beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

The testimony of Mr. Spradley should be weighed and his credibility evaluated in the same way as that of any other witness.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

JURY INSTRUCTION NO. 16

During your deliberations, that is, when all of you are together in the jury room, you are released from the admonition prohibiting discussion of the case. You may now discuss with each other the evidence and the law that has been presented in this case.

The admonition prohibiting discussion remains in effect, however, at any time when fewer than all of you are present in the jury room, or when you are away from the courthouse. The admonition about reading, listening to, or watching news reports about the case, doing any sort of independent investigation, or discussing the case with any third party, remains in effect at all times until I release you from this admonition. During your deliberations, you must not communicate with anyone else, by any means, about this case. This means you may not use any electronic device or media (like a phone, computer, or tablet), the Internet, any text or instant messaging service, or any social media apps (like Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) to research or communicate about what you have seen and heard in the courtroom.

Information that you find on the Internet or through social media might be incomplete, legally irrelevant, inaccurate, or even misleading. And the use of phones, tablets, or computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, popups, or advertisements that could influence your consideration of the matters that you have heard about in this courtroom.

In our judicial system, it is important that you are not influenced by anything or anyone outside of this court-

room. Otherwise, your decision may be based on information known only by you and not your fellow jurors and the parties in this case. This would unfairly and adversely impact the judicial process. Thus, until I accept your verdict and discharge you, you are only permitted to discuss the case with your fellow jurors during deliberations. You may discuss the case with them because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside the courtroom. Again, you can only discuss the case during deliberations in the jury room when all of your fellow jurors are present there. I expect you to inform me, at the earliest opportunity, if you learn about or share any information about this case outside of the courtroom, or if you learn that another juror has done so.

The alternate jurors will not be allowed to participate in deliberations, but they remain bound by all aspects of the admonition until they are discharged. The clerk will notify the alternate jurors of the verdict and, if appropriate, when they will need to return.

JURY INSTRUCTION NO. 17

I have permitted you to take notes during the trial and cautioned you at the outset not to allow notetaking to interfere with your duty to listen and consider all of the evidence. I would like to again caution you.

There is a tendency to attach undue importance to matters that one has written down. And you may have declined to take notes on testimony that seemed unimportant at the time but has taken on greater importance now in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own, individual memory. They are not evidence, they are not a complete outline of the proceedings, and they are not to control over your own impressions or recollections from the trial. Each of you should rely on your own independent memory of what the evidence was, and you should not be unduly influenced by the notes of other jurors. If your memory differs from anyone's notes, including your own, you should rely on your memory and not the notes. Your collective memory, as a jury, is your greatest asset in deciding this case.

JURY INSTRUCTION NO. 18

In a moment, you will be escorted to the jury room and each provided with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be available in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The next thing you should do is review the Court's instructions. Not only will your deliberations be more productive if you understand the legal principles on which your verdict must be based, but also for your verdict to be valid, you must follow the Court's instructions throughout your deliberations. Remember, you are the judge of the facts, but you are bound by your oath to follow the law as stated in these instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous, which means that all of you must agree on it. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved Mr. Spradley guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided on the verdict. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

JURY INSTRUCTION NO. 19

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to my law clerk, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

None of you should ever attempt to communicate with me or anyone outside the jury deliberations about the case other than by a signed writing. And, again, until I receive your verdict you must not communicate with, or provide information to, anyone about this case by any means.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

## JURY INSTRUCTION NO. 20

A final suggestion from the Court—technically not an instruction on the law—might assist your deliberations: your attitude at the outset of, and during, deliberations is important. It is seldom productive for any juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion on the case or to announce a determination to stand for a certain verdict. The reason is this: we are all human, and it is difficult for us to back down from a position once definitively stated, even if we are later convinced it is unsound.

You and your fellow jurors have been selected for the purpose of doing justice. That requires deliberation—counseling together in an effort to agree. Have in mind at all times that you are a deliberative body, selected to function as judge of the facts in a controversy involving substantial rights of real parties. You will make a definite contribution to the efficient administration of justice, if and when you arrive at a just and proper verdict under the evidence that has been admitted. No one can ask more, and you will not be satisfied to do less.

You will now hear the closing arguments from counsel. Please give them your thoughtful attention.

**In the United States District Court
for the District of Kansas**

_____

Case No. 21-cr-40088-TC

_____

UNITED STATES OF AMERICA,

v.

STEVEN E. SPRADLEY

_____

**VERDICT FORM**
June 8, 2023

We the jury, impaneled and sworn in the above-entitled case, upon our oaths, do make the following answers to the questions propounded by the Court:

1. As to the crime charged in the Indictment, travel with the intent to engage in any commercial sex act with a person under 18 years of age, we unanimously find the defendant, Steven Spradley:

_____ Not Guilty

_____ Guilty

2.  If you found the defendant, Steven Spradley, guilty, did you find that the Government proved guilt beyond a reasonable doubt?

_____ Yes

_____ No

_____            _____
DATE                          FOREPERSON